DUPRIS, CJ.

SUMMARY

The Trial Court found, in its Order Remanding Hearing to the Gaming Commission dated August 6, 2007, that Appellant, Dorothy Camarena, was denied procedural due process in her gaming license revocation hearing before the Colville Tribes’ Gaming Commission (Commission). The Court found that the hearing violated the appearance of fairness doctrine in that the employee who revoked Appellant’s gaming license, ie. John Whitener, was present during the Commission’s deliberations on her request to restore her right to a gaming license, while the Commission asked Appellant to leave the room. The Commission was directed to hold a new hearing on the issue of Appellant’s revocation of her gaming license.
The Trial Court also dismissed with prejudice Appellant’s request that the Court find her termination from employment by the Commission was wrongful, and that she be reinstated with back pay. The Court held this request was barred by the doctrine of sovereign immunity, and that her dismissal from employment was not a disciplinary action subject to court review.
Appellant filed her appeal with this Court, asking that we reverse the Trial Court’s decision that the employment appeal and the revocation of the gaming license were two separate issues, thereby dismissing the employment appeal portion of her case.
Another issue was identified at the Initial Hearing held on September 21, 2007: Does the exhaustion of remedies or ripeness of appeal apply to these proceedings?
Based on the reasoning below, we find that the Trial Court did not err in its holding that the gaming license revocation and the dismissal from employment are two separate issues, and that the Trial Court ruled appropriately on both issues. The exhaustion of remedies question, which was based on the fact that the Commission called a new hearing on the license revocation, at which Appellant refused to participate, is moot based on the ruling on the first issue, and will not be addressed herein.

STANDARD OF REVIEW

The issue of whether the gaming license revocation is inseparable from the dismissal from employment raises questions of law. We review de novo. See, Naff v. CCT, 2 CCAR 50 (1995), and its progeny.

DISCUSSION

Appellant was an employee of the Commission, holding the position of Tribal Gaming Agent (TGA). She states in her brief that she worked at the Coulee Dam Casino at the time her gaming license was revoked. Appellee based its revocation on allegations that Appellant had left her work station without authorization, during working hours, on two separate occasions. Appellee states these unauthorized absences violated the Tribal-State Compact for Class II Gaming (Compact), applicable sections of the federal Indian Gaming Regulatory Act (IGRA), 25 U.S.C. 2701 et seq., and Tribal Law, CTC, Chapter 6-5. The Compact and the applicable laws and regulations require that the TGA be present on site at all times. If the TGA is not on site as required, it could be considered a violation of the regulations, laws, and Compact.
The license revocation created a necessary next step: the dismissal of Appellant from her position as a TGA at the Casino, in that a gaming license was a requirement to be so employed. It is understandable *176 why this circuitous situation causes frustrations for Appellant, Appellant filed an appeal at the Trial Court alleging wrongful revocation of her gaming license and wrongful termination from employment.
The issue of the revocation of the gaming license is moot. It appears from the record that the Commission had its first hearing on January 11, 2005; this was the subject of her appeal to the Trial Court. At the next hearing on the license revocation on March 22, 2005, the Commission upheld the revocation, and determined it should be for three (3) months. The record also indicates that when the matter was remanded by the Trial Court by the Order dated August 6, 2007, the Commission held another hearing on November 9, 2007, at which Appellant chose not to participate. (See the Trial Court’s Order Dismissing Appeal, CV-OC-2005-25480, signed July 14, 2008). Finally, it appears from the record that Appellant has her gaming license again.
Appellant asserts that her termination from her position as TGA was wrongful in that the license revocation was found to be wrongful by the Court, and the termination could not have happened with the revocation. She states that to find otherwise is to leave her without a meaningful remedy.
First, as Appellee has pointed out, having a gaming license is not a right. Gaming licenses are highly regulated, and one must meet rigid standards in order to secure such a license. We have held, however, that a person’s job, in certain circumstances, can be a protected property right. See, e.g. Finley v. CTSC, 8 CCAR 38 (2006), and Goujon v. CTEC, 9 CCAR 57 (2008). We also recognize that the continuation of one’s employment and its termination is first defined within the applicable regulations and policies of the employer. See, e.g. CTEC v. Orr, 5 CCAR 1 (1998).
The crux of the issue in this case is how did Appellant lose her job: was she terminated, as defined by the employment manual regarding disciplinary procedures, or was it by other means? It is this distinction upon which the Trial Court based its decision. There is nothing in the record that supports a finding that Appellant was subject to a disciplinary process before she was dismissed from her employment. She was dismissed because she no longer held a gaming license. This is not a category of discipline under the policies. As Appellee pointed out, it is a requirement of the Commission to not allow any person to hold the position of TGA without a license.
Appellant argues that if the Court cannot consider the dismissal from employment as part and parcel of the license revocation matter, then she has a right without a remedy. She asserts that the Trial Court recognized that her due process rights were violated, and, as a direct result, she lost her job. Appellant’s reliance on the Trial Court’s finding of lack of due process is misplaced.
There are two types of due process closely guarded by courts: procedural and substantive. Procedural due process requires that a person receives adequate notice, an opportunity to have meaningful input, and an opportunity to participate in the proceedings. See, e.g. Edwards v. Bercier, 10 CCAR 18 (2009); Lambert v. CCT, 10 CCAR 52 (2011); Lezard v. Deconto 10 CCAR 23 (2009). Substantive due process goes to the fundamental rights of a person. These rights have the protection of the Constitution and the Tribal Civil Rights Act, CTC Chapter 1-5.
The due process violations found by the Trial Court go to procedural due process. The Court found that Appellant did not receive a fair hearing; the Trial Court did not make a finding as to whether the *177 license should have been revoked. The latter issue, ie. whether the revocation was wrongful would fall within the parameters of substantive due process. For the procedural due process violations the Trial Court did recognize a remedy: the Court vacated the first finding of license revocation of the Commission and sent the issue back for a fair hearing on the issue.
In order to sustain her case, Appellant would have to show that she has an independent right to challenge her dismissal, get her job back, and get back wages, which she has asked this Court to grant. As we stated before, the employment manual does not recognize losing one’s gaming license and, therefore the ability to be a TGA, as part of its disciplinary procedure. It is a natural, although unfortunate, consequence of not having a license. Appellant cannot hang the case on due process violations under the Tribal Civil Rights Act, CTC Chapter 1-5. She cannot sustain the case on any exceptions to the doctrine of sovereign immunity, which acts as a shield in this case to any claims for monetary relief.
In conclusion, Appellant’s dismissal from employment as a TGA after her license was revoked is not reviewable by the Courts. There is a bright line which cannot be ignored: if one doesn’t have a gaming license, one cannot work as a TGA in a casino. The laws are clear. Even though Appellant was dismissed, it was without a disciplinary procedure. She was dismissed from employment because she did not meet the condition precedent to the job, ie. a gaming license.
For these reasons we affirm the Trial Court and remand for dismissal
It is so ORDERED.